ROBERT RUBIN, SBN 85084
KENDRA FOX DAVIS, SBN 248757
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
131 Steuart Street, Suite 400
San Francisco, CA 94105
(415) 543-9444; FAX (415) 543-0296
rrubin@lccr.com
kfoxdavis@lccr.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA BROOKS BROWN, | Case No.: CV 09 0928 PJH |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| CITY AND COUNTY OF SAN FRANCISCO, a public entity, LIEUTENANT JOHN BALLENTINE, DOES 1-10, jointly and severally, | **JURY TRIAL DEMANDED** |
| Defendants. | |



**COMPLAINT FOR DAMAGES**                    - 1 -

1 | Plaintiff, BRENDA BROOKS BROWN, hereby alleges as follows:

2 | **INTRODUCTORY STATEMENT**

3

4 | 1. This lawsuit arises out of an unconstitutional and unlawful seizure by members of the
5 | San Francisco Police Department during a search of Plaintiff's home. On February 4, 2008,
6 | Defendants unreasonably held Plaintiff, a disabled African-American woman, naked and at
7 | gunpoint for more than 20 minutes during a search of her home. This action is brought pursuant
8 | to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States
9 | Constitution. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the
10 | aforementioned statutory and constitutional provisions. Plaintiff further invokes the
11 | supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims
12 | arising under state law.

13 | **JURISDICTION**

14 | 2. This Court has subject matter jurisdiction over the parties and this action pursuant to
15 | 28 U.S.C. §§ 1331 and 1343. Pursuant to 42 U.S.C. § 1367(a), this Court has supplemental
16 | jurisdiction over the state claims brought in this action, which arise from a common nucleus of
17 | operative facts and from the same transactions and occurrences raised in Plaintiff's federal
18 | causes of action. On August 4, 2008, Plaintiff filed an administrative claim with the City and
19 | County of San Francisco in compliance with California Government Code 910 et seq.; that claim
20 | was denied by the City and County of San Francisco in a letter dated September 5, 2008.

21 | 3. Venue lies in United States District Court for the Northern District of California
22 | pursuant to 28 U.S.C. §§ 84 and 1391 because a substantial part of the events that gave rise to the
23 | claims alleged in this complaint arose in the County of San Francisco and one or more
24 | Defendants reside in the County of San Francisco or conduct business in the County of San
25 | Francisco.

26

COMPLAINT FOR DAMAGES     - 2 -

1

## **INTRADISTRICT ASSIGNMENT**

2      4. The claims alleged herein arose in the County of San Francisco. This action is

3 properly assigned to the Oakland or San Francisco Division of the United States District Court

4 for the Northern District of California pursuant to Civil Local Rule, 3-2(d).

5

## **PARTIES**

6      5. Plaintiff Brenda Brooks Brown was, at all times material to this complaint, a resident

7 of San Francisco, California, over 18 years of age, and subject to the unlawful actions of

8 Defendants as described herein.

9      6. Defendant City and County of San Francisco is a public entity established by the laws

10 and Constitution of the State of California, and operates, manages, directs, and controls the City

11 of San Francisco Police Department ("SFPD"), which employs other defendants in this action.

12      7. Defendant John Ballentine is a Lieutenant with the SFPD, and, on information and

13 belief, was charged with oversight of the search and seizure of the individuals in Plaintiff's

14 home. At all times material to this complaint, Defendant acted within the course and scope of

15 his employment with SFPD. Defendant Ballentine is sued in his individual capacity only.

16      8. Plaintiff is ignorant of the true names and capacities of the Defendants named herein

17 as Does 1 through 10, and therefore sues these Defendants by their fictitious names. Plaintiff

18 will amend the complaint to allege the true names and capacities of these Doe Defendants as

19 soon as they are ascertained. Plaintiff is informed and believes and therefore alleges that each of

20 the Doe Defendants is legally responsible and liable for the incident, injuries and damages

21 hereinafter set forth, and that each of said Defendants proximately caused said incidents, injuries

22 and damages by reason of their negligence, breach of duty, violation of constitutional and legal

23 rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty,

24 whether severally or jointly, or whether based upon agency, employment, or control or upon any

25 other act or omission. Plaintiff will seek leave to amend this complaint to insert further charging

26

**COMPLAINT FOR DAMAGES**          - 3 -

1 | allegations when such facts are ascertained. Does 1-10 are sued in their individual capacities
2 | only.

3 | 9. Plaintiff is informed and believes that each Defendant was the agent or employee of
4 | SFPD, and in perpetrating the wrongful conduct detailed in this complaint, acted within the
5 | scope of such agency or employment. Each Defendant named in paragraphs 8 and 9 is, and at all
6 | times material to this complaint was, duly employed, appointed and acting, as a sworn peace
7 | officer of SFPD, under color of law, to wit, under color of the statutes, ordinances, regulations,
8 | policies, customs and usages of the State of California and/or the City and County of San
9 | Francisco.

10 | 10. Plaintiff is informed and believes that each Defendant herein gave consent, aid, and
11 | assistance to each of the remaining Defendants, and ratified and/or authorized the acts or
12 | omissions of each Defendant as alleged herein, except as may be hereinafter otherwise
13 | specifically alleged.

14 | 11. At all material times, each Defendant was jointly engaged in tortious activity,
15 | resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

16 | 12. The acts and omissions of Defendants BALLENTINE and DOES 1-10, as set forth
17 | herein, at all material times were pursuant to the actual customs, policies, practices and
18 | procedures of the San Francisco Police Department.

19 | 13. Plaintiff is informed and believes that each of the Defendants caused, and is
20 | responsible for the below-described unlawful conduct and resulting injuries in that each of the
21 | Defendants participated in the unlawful conduct or acted jointly with others who did so.

22 | **STATEMENT OF FACTS**

23 | 14. Plaintiff Brenda Brooks Brown, is a disabled 50 year-old African-American
24 | woman, who at all times relevant to this complaint, lived at 1309 Palou Avenue in San
25 | Francisco, California.

26 |

**COMPLAINT FOR DAMAGES** - 4 -

1    15.    On Monday, February 4, 2008, uniformed SFPD officers responded to a report of

2    an incident at 1309 Palou Avenue allegedly involving a member of Plaintiff's family.

3    According to an SFPD generated report, officers arrived at the scene at approximately 2:00am.

4    16.    The officers approached the ground floor apartment and banged loudly on the door.

5    Plaintiff's sister, Deborah Brooks ("Ms. Brooks"), opened the door after an unknown officer

6    identified himself as SFPD and demanded that she open the door. Ms. Brooks complied with the

7    officer's demand and opened the door, and several officers entered Plaintiff's home with their

8    guns drawn.

9    17.    At the time the officers entered Plaintiff's residence, seven other individuals were

10   present in the house, in addition to Plaintiff. Marquise Brown, Plaintiff's son, and Chris Brooks,

11   Plaintiff's brother, both of whom lived in Plaintiff's home, were at the residence at the time of

12   the incident. Mr. Brown's girlfriend and Plaintiff's 10 year old granddaughter were visiting, as

13   were Plaintiff's sister Deborah Brooks, her sister's boyfriend, and her niece Luciana Young. Ms.

14   Young was also Plaintiff's in-home care worker. These individuals promptly submitted to police

15   and were detained in Plaintiff's kitchen.

16   18.    When officers knocked on Plaintiff's door, Plaintiff was in the shower. Plaintiff got

17   out of the shower as she heard the commotion caused by the officers entering her home. As

18   Plaintiff opened the door to the bathroom she was ordered to put her hands on her head and stand

19   in the bathroom doorway. Plaintiff attempted to shield her naked body with her hands, but the

20   officers demanded she place her hands on her head, and Plaintiff complied. Plaintiff feared that

21   she would be shot if she did not comply. Two officers stood in front of Plaintiff with their guns

22   pointed at her.    Plaintiff begged to put her clothes on, but the officers refused.

23   19.    Officers instructed Plaintiff's son to lie on the hallway floor in front of the

24   bathroom doorway where Plaintiff was standing naked with her hands on her head. Officers

25   immediately handcuffed Plaintiff's son. Plaintiff was forced to remain standing naked in view of

26

**COMPLAINT FOR DAMAGES**          - 5 -

1   her son. Plaintiff's son heard her begging to put her clothes on. Shortly thereafter, officers
2   escorted him into the living room.

3   20.   After removing her son from the hallway, officers continued to hold Plaintiff at
4   gunpoint while she stood nude in the bathroom door. Without legal cause or justification, an
5   officer remained stationed in front of Plaintiff with their guns trained on her for more than 20
6   minutes. During this time the officers stared at Plaintiff's naked body. Multiple officers walked
7   past Plaintiff and viewed her nude as she was being held in this humiliating position as they
8   searched the bedroom adjacent to the bathroom. Plaintiff's sister, Ms. Brooks, who was being
9   detained with the rest of Plaintiff's family in the living room, could hear Plaintiff begging to be
10  allowed to put her clothes on. Ms. Brooks told an officer that Plaintiff had difficulty dressing
11  herself and requested that she be permitted to help Plaintiff get dressed. The officer refused.

12  21.   After more than 20 minutes, Plaintiff was finally ordered to sit on the toilet and get
13  dressed. Although Plaintiff had difficulty getting dressed due to her disabilities, she was
14  eventually able to dress herself. At no time while Plaintiff was standing in the doorway did
15  officers search the bathroom. At no time did Plaintiff pose a threat to officers or herself.

16  22.   The force used by Defendants against Plaintiff, including holding Plaintiff at
17  gunpoint while she was nude, was unjustified and objectively unreasonable under the
18  circumstances.

19  23.   Defendants' seizure of Plaintiff lasted an excessive amount of time, was conducted
20  unreasonably, and done without other legal right.

21  24.   Defendants' acts were willful, wanton, malicious, reckless and oppressive and done
22  with conscious disregard and deliberate indifference for Plaintiff's rights.

23  25.   As a direct and proximate result of the conduct of the Defendants described herein,
24  Plaintiff has been denied her constitutional, statutory and legal rights as stated below, and has
25  suffered, and continues to suffer general and special damages including but not limited to, mental
26  and emotional distress, fear, humiliation, embarrassment, discomfort and anxiety.

COMPLAINT FOR DAMAGES                    - 6 -

1

2 **CLAIMS FOR RELIEF**

3 **FIRST CLAIM FOR RELIEF**

4 **Violation of the Fourth and Fourteenth Amendments to the United States Constitution**

5 **(42 U.S.C. § 1983)**

6 **Defendants BALLENTINE and DOES 1-10**

7     26.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this

8 complaint.

9     27.   Defendants' above-described conduct violated 42 U.S.C. § 1983, depriving

10 Plaintiff of clearly-established and well-settled constitutional rights protected by the Fourth and

11 Fourteenth Amendments to the U.S. Constitution:

12

13         a.   The right to be free from excessive and unreasonable force in the course of arrest or detention;

14         b.   The right to be free from invasions of privacy and violations of bodily integrity.

15

16     28.   As a direct and proximate result of Defendants' conduct, Plaintiff has been harmed,

17 as described in paragraph 25, *supra*.

18     29.   Defendants subjected Plaintiff to their wrongful conduct, and deprived Plaintiff of

19 rights described herein, knowingly, maliciously, and with conscious and reckless disregard for

20 whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

21     30.   The conduct of Defendants entitles Plaintiff to punitive damages and penalties

22 allowable under 42 USC § 1983 and California law.

23     31.   Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 USC §

24 1988 and applicable California codes and law.

25

26

**COMPLAINT FOR DAMAGES**     - 7 -

1

**SECOND CLAIM FOR RELIEF**

2

**(42 U.S.C. § 1983)**

3

**All DEFENDANTS**

4        32.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this

5    complaint.

6        33.    On information and belief, the unconstitutional actions and/or omissions of

7    Defendants BALLENTINE, and DOES 1-10, as well as other officers employed by or acting on

8    behalf of Defendant CITY AND COUNTY OF SAN FRANCISCO, were pursuant to the

9    following policies or practices of the San Francisco Police Department, stated in the alternative,

10   which were directed, encouraged, allowed, and/or ratified by policy making officers for the

11   CITY AND COUNTY OF SAN FRANCISCO and the San Francisco Police Department:

12                   a.    To hold individuals who are not suspected of criminal activities or pose
                           any threat to police for unreasonable amounts of time during the execution
13                         of searches;

14                   b.    To use or tolerate the use of excessive and/or unjustified force, including
                           the aiming of guns at individuals who do not pose a threat justifying such
15                         force;

16

17       34.    The aforementioned policies or practices were a moving force and/or a proximate

18   cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in

19   violation of 42 USC § 1983, as more fully set forth in paragraph 27, above.

20

21       35.    Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of

22   rights described herein, knowingly, maliciously, and with conscious and reckless disregard for

23   whether the rights and safety of Plaintiffs and others would be violated by their acts and/or

24   omissions.

25       36.    As a direct and proximate result of the unconstitutional actions, omissions,

26

**COMPLAINT FOR DAMAGES**                    - 8 -

1 | customs, policies, practices and procedures of Defendants, as described above, Plaintiff sustained
2 | serious injury and is entitled to damages, penalties, costs and attorneys' fees as set forth in
3 | paragraphs 24-27, above, and punitive damages against Defendants BALLENTINE, and DOES
4 | 1-10 in their individual capacities.

## THIRD CLAIM FOR RELIEF

### (Violation of California Civil Code § 52.1)

### All DEFENDANTS

37.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this complaint.

38.    Defendants' above-described conduct constituted interference, and attempted interference, by intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of clearly-established rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code section 52.1.    In particular, Defendants violated the following clearly-established rights:

> a.    The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;
>
> b.    The right to privacy as secured by the Fourth and Fourteenth Amendments;
>
> c.    The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article I, section 13;
>
> d.    The right to privacy, as secured by the California Constitution, Article I, section 1.

39.    As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and statutes, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at

**COMPLAINT FOR DAMAGES**        - 9 -

1 ¶¶ 24-27, including all damages allowed by California Civil Code §§ 52, 52.1, and California

2 law, not limited to costs, attorneys' fees, treble damages, and civil penalties.

3 **FOURTH CLAIM FOR RELIEF**

4 **Assault**

5 **All DEFENDANTS**

6     40.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this

7 complaint.

8     41.   Defendants' above-described conduct was intended to cause harm or offensive

9 contact with Plaintiff, or to create apprehension of such contact and did in fact place Plaintiff in

10 apprehension of harm or offensive contact by Defendants.

11 **FIFTH CLAIM FOR RELIEF**

12 **Intentional Infliction of Emotional Distress**

13 **All DEFENDANTS**

14     42.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this

15 complaint.

16     43.   The conduct of Defendants was extreme and outrageous and directed at Plaintiff.

17 Defendants' conduct was intended to cause injury or was in reckless disregard of the probability

18 of causing injury to Plaintiff and did in fact cause Plaintiff serious emotional distress. As a

19 proximate result of such conduct, Plaintiff has experienced severe and lasting emotional and

20 mental distress, fear, anxiety, humiliation, and stress, as more fully described above.

21 **SIXTH CLAIM FOR RELIEF**

22 **Negligence**

23 **All DEFENDANTS**

24     44.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this

25 complaint.

26

**COMPLAINT FOR DAMAGES** - 10 -

1      45.   At all relevant times, Defendants owed Plaintiff the duty to act with reasonable care

2  and not cause personal injury to Plaintiff. Defendants owed Plaintiff the legal duty not to violate

3  her constitutional, statutory and common law rights.

4      46.   By their acts and omissions, Defendants breached the above-mentioned duties owed

5  to Plaintiff. Further, it was reasonably foreseeable that their breach of duty would cause

6  emotional harm to Plaintiff.

7      47.   As a direct and proximate cause of Defendants' breach of their legal duties toward

8  Plaintiff, Plaintiff sustained injuries and damages as set forth in ¶¶ 24-27 above.

9  **WHEREFORE**, Plaintiff respectfully prays for the following relief:

10    1.     For general and compensatory damages to be determined according to proof;

11    2.     For special damages;

12    3.     For punitive and exemplary damages in amounts to be determined according to

13          proof;

14    4.     For an award of statutory damages and penalties pursuant to Cal. Civil Code

15          section 52(b);

16    5.     For attorneys' fees pursuant to 42 U.S.C. § 1988 and California Civil Code §

17          52(b), and California Civil Code § 1021.5;

18    6.     For costs of suit; and

19    7.     For such other and further relief as this Court deems reasonable.

20                    **Demand for Jury Trial**

21      In accordance with Fed. R. Civ. P. Rule 38(b), and Northern District Local Rule 3-6,

22  Plaintiffs hereby demand a jury trial on all issues triable by jury.

23  DATED:     March 3, 2009

24

25                       By _____

26                         KENDRA FOX DAVIS
                               Attorney for Plaintiff

**COMPLAINT FOR DAMAGES**      - 11 -